**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EDIN AGIC, | Case No. 1:11-cv-538 |
| Plaintiff, | JUDGE |
| vs. | |
| | **DEFENDANT ACE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| HUDSON INSURANCE COMPANY, et al, | |
| Defendants. | |

Now comes Defendant ACE American Insurance Company, by and through undersigned counsel, and, pursuant to 28 U.S.C. §1441, hereby files Notice of Removal of this action from the Court of Common Pleas of Cuyahoga County, Ohio to the U.S. District Court for the Northern District of Ohio, Eastern Division. In support thereof, this removing Defendant avers as follows:

1. That there was commenced on or about January 31, 2011, a case which is now pending in the Court of Common Pleas of Cuyahoga County, Ohio, as Case No. CV-11-747263, in which Plaintiff Edin Agic has named as Defendants Hudson Insurance Company ("Hudson"), ACE American Insurance Company ("ACE"), and "John Does 1 through 10".

2. In this action, Plaintiff claims that on January 31, 2008, he was operating a motor vehicle in Seattle Washington when he was struck by a vehicle operated by Anthony Dobrowski, an agent of Federal Express Freight West Inc. He also alleges that Timothy Coy contributed to the collision by operating a vehicle which first struck the Federal Express Freight West Inc. vehicle in the rear. As a result, Plaintiff claims that he was injured. Plaintiff alleges that Dobrowski and Coy failed to keep a proper distance between vehicles and were operating their vehicles too fast for traffic conditions. Plaintiff

bases his claims against Hudson and ACE on the allegations that both Defendants contracted with Plaintiff to insure him through his employment at John Christner trucking and that both insurance policies were in effect on January 31, 2008.

## REMOVAL IS TIMELY

3. Defendant ACE was served with the Complaint in the above-mentioned state court action on February 15, 2011 (a true and accurate copy of the Summons and Complaint are attached hereto as "Exhibit A"). The Summons and Complaint are the only items served on these removing Defendants.

4. This Notice of Removal is timely, having been filed with this Court within thirty (30) days of service of the Complaint on February 15, 2011, as required by 28 U.S.C. §1446(b).

## DIVERSITY BETWEEN THE PARTIES

5. Diversity Jurisdiction exists in this matter.

6. It appears from the Complaint that Plaintiff is a citizen of Ohio.

7. Defendant ACE was at the time of the commencement of this action and is now a California corporation with its principal place of business in Pennsylvania.

8. Defendant Hudson Insurance Company was at the time of the commencement of this action and is now a Delaware corporation with its principal place of business in New York.

9. Plaintiff has also identified "John Does 1 through 10". Pursuant to 28 U.S.C. §1441(a), "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." Thus, in determining whether diversity jurisdiction exists, the citizenship of the "John Doe" Defendants is irrelevant and not to be considered.

## AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL MINIMUM

10. Plaintiff allegedly sustained severe injuries causing him to seek and obtain medical care and attention, incur expenses, lose wages, and suffer great physical pain, mental anguish, and emotional distress as a result of Defendant's actions. See Plaintiff's Complaint at ¶13. He also claims that he will continue to require medical care and attention, incur expenses, lose wages, and suffer physical pain, mental anguish, and emotion distress in the future. *Id.* Plaintiff's medical bills and lost wage claims are in excess of $75,000.00. In light of the allegations involved and specials provided, the amount in controversy exceeds $75,000.00.

11. At this point, Plaintiff has not made a settlement demand or submitted any records detailing his damages. However, based upon the Plaintiff's own claims of stated damages as well as the nature of the claimed injuries, it is the undersigned's good faith belief that the amount in controversy at the time of this Notice of Removal exceeds the $75,000.00 jurisdictional minimum required under federal diversity jurisdiction.

## ALL CONDITIONS PRECEDENT TO REMOVAL ARE SATISFIED

12. This Court therefore has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. This is a case where the amount in controversy exceeds the sum of $75,000.00 and is between citizens of different states.

13. Removal is proper under 28 U.S.C. §1446 and the rule of unanimity. The rule of unanimity requires that all Defendants who have been served must either join in the removal or file their consent for removal. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F. 3d 527, 533 (6th Cir. 1999). The only other named defendant, Hudson Insurance Company, has provided ACE with its consent and informed ACE that it will promptly file a Notice of Consent to Removal.

14. The state court action was commenced within the jurisdictional district of the United States District Court for the Northern District of Ohio, Eastern Division.

15. Counsel's verification for authority to remove this action is attached hereto as "Exhibit B."

16. Written notice of the filing of this Notice of Removal will be given to all parties as required by law.

17. Defendants will promptly file a true and accurate copy of this Notice of Removal with the Clerk of Courts for the Court of Common Pleas of Cuyahoga County, Ohio as required by 28 U.S.C. §1446(d).

**WHEREFORE**, this action is properly removed from the Court of Common Pleas of Cuyahoga County, Ohio, to the United States District Court, Northern District of Ohio, Eastern Division, for all further proceedings.

Respectfully submitted,

 /s/ Lawrence A. Sutter
LAWRENCE A. SUTTER (0042664)
Sutter, O'Connell & Farchione
3600 Erieview Tower
1301 E. 9th St.
Cleveland, Ohio 44114
Phone:  (216) 928-2200
Facsimile:  (216) 928-4400
Email:  lsutter@sutter-law.com

*Attorney for Defendant*
*ACE American Insurance Company.*

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of March, 2011 a copy of the foregoing ***Notice of Removal*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)