IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDIN AGIC, | ) Case No. 1:11-cv-00538 |
| Plaintiff, | ) Judge Donald Nugent |
| vs. | ) **SEPARATE ANSWER OF DEFENDANT ACE AMERICAN INSURANCE COMPANY** |
| HUDSON INSURANCE COMPANY, et al., | ) |
| Defendants. | ) *(Jury Demand Endorsed Hereon)* |

Now comes Defendant, ACE American Insurance Company, by and through counsel, and for its Answer to Plaintiff's Complaint states as follows:

**PARTIES, JURISIDCTION, AND VENUE**

1. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 1 of Plaintiff's Complaint.

2. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 2 of Plaintiff's Complaint.

3. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 3 of Plaintiff's Complaint.

4. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 4 of Plaintiff's Complaint.

5. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 5 of Plaintiff's Complaint.

6. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 6 of Plaintiff's Complaint.

7. This Defendant states that that insurance policy #ISAH08234920 speaks for itself.  In further answering, this Defendant denies for want of knowledge or information

sufficient to state the truth or veracity of the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 8 of the Plaintiff's Complaint.

## COUNT ONE

9. This Defendant hereby incorporates the admissions and denials as set forth in paragraphs 1 through 8 and further alleges as follows:

10. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 10 of the Plaintiff's Complaint.

11. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 11 of Plaintiff's Complaint.

12. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 12 of Plaintiff's Complaint.

13. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 13 of Plaintiff's Complaint.

14. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 14 of Plaintiff's Complaint.

## COUNT TWO

15. This Defendant hereby incorporates the admissions and denials as set forth in paragraphs 1 through 14 and further alleges as follows:

16. This Defendant states that insurance policy #ISAH08234920 speaks for itself. In further answering, this Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

**COUNT THREE**

17. This Defendant hereby incorporates the admissions and denials as set forth in paragraphs 1 through 16 and further alleges as follows:

18. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 18 of Plaintiff's Complaint.

19. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 19 of Plaintiff's Complaint.

20. This Defendant denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in paragraph 20 of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to join necessary parties herein, those being any other persons or entities liable or responsible for the matters alleged in the Complaint and any other persons or entities liable or responsible as assignees or subrogees.

2. The within action was not commenced within the time required by law, and Plaintiff's Complaint is thereby barred by the applicable statute of limitation.

3. The damages alleged by Plaintiff resulted from the contributory negligence, comparative negligence, and/or assumption of the risk by Plaintiff, or resulted from the negligence or conduct of other persons and/or entities over which this Defendant had no control or duty to control.

4. The damages and/or injuries of which the Plaintiff complains, if any, were caused by intervening and superseding causes, thereby relieving Defendant of any responsibility therefore.

5. This Court lacks jurisdiction over the subject matter alleged in Plaintiff's Complaint.

6. This Court lacks jurisdiction over this Defendant.

7. This Defendant raises the affirmative defense of improper venue.

8. This Defendant raises the affirmative defense of insufficiency of process.

9. This Defendant raises the affirmative defense of insufficiency of service of process.

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11. This Defendant raises the affirmative defense of Forum Non Conveniens.

12. Plaintiff is bound by a valid choice-of-forum agreement.

13. Plaintiff has failed to attach a copy of the contracts alleged to be in issue in violation of Civil Rule 10.

14. Plaintiff has failed to comply with the terms and conditions of the policy.

15. Plaintiff can not maintain a cause of action under O.R.C. 2721.02, *et al.* as no actual case or controversy exists.

16. Plaintiff's claims are excluded under the policy.

17. Plaintiff's claims are barred by applicable endorsements to the policy.

18. Plaintiff's claims are barred by his failure to provide the prerequisite sufficient notice as required by the policy.

19. Plaintiff's claims are barred for failure to allege that tortfeasors were uninsured/ underinsured motorists.

20. Plaintiff's claims are barred as uninsured/underinsured motorist coverage was specifically rejected.

21. Plaintiff's claims are barred by *Westfield v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256, 2003-Ohio-5849.

22. Plaintiff's claims are barred as they were filed outside of the contractually limited claims period.

23. Plaintiff's claims are barred as they occurred outside of the coverage territory and/or outside of the applicable policy period.

24. This Defendant expressly reserves the right to add additional affirmative defenses as discovery progresses.

4

WHEREFORE, having fully answered, ACE American Insurance Company prays that Plaintiff's Complaint be dismissed with prejudice, with costs to Plaintiff.

Respectfully submitted,

/s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)
Victoria D. Barto (0071554)
Sutter, O'Connell & Farchione Co., L.P.A.
3600 Erieview Tower
1301 E. 9th Street
Cleveland, Ohio 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
lsutter@sutter-law.com
*Counsel for Defendant*
*ACE American Insurance Company*

## **JURY DEMAND**

Now comes Defendant, ACE American Insurance Company, by and through counsel, and herein demands a trial by jury of the issues triable of and by a jury in this action.

 /s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)
Victoria D. Barto (0071554)

**CERTIFICATE OF SERVICE**

I certify that on the 22nd day of March, 2011 a copy of the foregoing ***Separate Answer of Defendant ACE American Insurance Company*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Lawrence A. Sutter
Lawrence A. Sutter (0042664)
Victoria D. Barto (0071554)